IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC,<br>    Plaintiff, | § <br> § <br> § | |
| VS. | § <br> § | CIVIL ACTION NO. |
| RACHEL N. TENNYSON; and<br>UNITED STATES OF AMERICA, ON<br>BEHALF OF THE SECRETARY OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § | 3:25-cv-01232 |

## **DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Rachel Tennyson
806 Martin Luther King Jr. Blvd
Waxahachie, TX  75165
(469) 778-8322
Ravenblack036@gmail.com

1

## TABLE OF CONTENTS

I.  BACKGROUND AND PROCEDURAL HISTORY.......................................................4

II.  LEGAL STANDARD...............................................................................................6

III.  ARGUMENT.........................................................................................................7

Lakeview's Complaint Fails to State a Plausible Claim for Relief...............................7

Improper and Conflicting Party References (Nationstar)..............................................9

Misleading Certificate of Interested Parties.................................................................9

The Attached Exhibits Contradict Key Allegations in the Complaint..........................10

IV.  CONCLUSION....................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

Ashcroft v. Iqbal,
 556 U.S. 662, 678 (2009)..........................................................................6

Bell Atl. Corp. v. Twombly,
 550 U.S. 544, 555 (2007)...........................................................................6

Cadle Co. v. Whataburger of Alice, Inc.,
 174 F.3d 599, 603 (5th Cir. 1999)..............................................................6

Colorado River Water Conservation Dist. v. United States,
 424 U.S. 800, 817 (1976)...........................................................................6

Mitchell v. Armstrong Capital Corp.,
 911 S.W.2d 169, 171 (Tex. AppHouston [1st Dist.] 1995)......................8

Save Power Ltd. v. Syntek Fin. Corp.,
 121 F.3d 947, 950 (5th Cir. 1997)..............................................................6

West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,
 751 F.2d 721, 730 (5th Cir. 1985)..............................................................6

Western Distrib. Co. v. Diodosio,
 841 P.2d 1053, 1058 (Colo. 1992)............................................................8

Williams v. Citibank, N.A.,
 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008)..............................................7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. |
| RACHEL N. TENNYSON; and<br>UNITED STATES OF AMERICA, ON<br>BEHALF OF THE SECRETARY OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ | 3:25-cv-01232 |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**COMES NOW** Defendant, Rachel N. Tennyson, proceeding *pro se* and respectfully submits this Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this motion, Defendant respectfully shows the Court the following:

## I.   BACKGROUND AND PROCEDURAL HISTORY

1. This case arises from a dispute concerning title and enforcement of a residential mortgage on Defendant Rachel N. Tennyson's property located at 806 Dr. Martin Luther King Jr. Blvd., Waxahachie, Texas.

2. On March 19, 2025 Defendant filed a civil action in this Court titled *Tennyson v. LoanCare LLC*, Case No. 3:25-cv-00661-K-BT, seeking to quiet title and challenge the validity and enforceability of the mortgage loan and related documents. That action remains pending before Judge Ed Kinkeade and Magistrate Judge Rebecca Rutherford in the Northern District of Texas, Dallas Division.  A copy of the First Amended

4

Complaint is attached hereto as **Exhibit A.**

3.  From April 15, 2025 to May 8, 2025 Defendant Rachel Tennyson actively prosecuted the quiet title action, filing motions and an Amended Complaint on May 8, 2025, which added factual detail and reaffirmed claims challenging the lien's validity.

4.  On May 14, 2025, just six days after the amended pleading was filed, Lakeview Loan Servicing, LLC, represented by Marinosci Law Group, P.C., initiated a new, separate foreclosure action in the same Court under docket number 3:25-cv-01232-L, assigned to Judge Sam Lindsay.

5.  Lakeview's foreclosure complaint involves the same real property,  a dispute over the same note and deed of trust and parties with directly aligned interests, including LoanCare LLC, named in the earlier case as the loan servicer.

6.  Lakeview failed to disclose the earlier-filed action in its Civil Cover Sheet Section VIII or the Complaint or its Certificate of Interested Persons, as required by Local Rule 3.3(b) and Federal Rule of Civil Procedure 7.1.

7.  Lakeview misidentified Nationstar as a party with an interest in the loan which is a factual inaccuracy suggesting a boilerplate or recycled pleading not grounded in the facts of this case.

8.  Lakeview sought to initiate a judicial foreclosure despite the pending and unresolved quiet title action, creating a risk of inconsistent rulings and judicial inefficiency.

9.  Because of this procedural posture, the instant action appears to be a reactive, duplicative filing that should either be dismissed under Rule 12(b)(6), or transferred or consolidated with the first-filed case under the first-to-file rule and local case

management principles.  Federal courts apply the *first-to-file* rule to avoid duplicative litigation and inconsistent rulings. See *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Because the issues and parties in the foreclosure case substantially overlap with those in the earlier-filed quiet title action, dismissal or transfer is appropriate under this doctrine. See also *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) and *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)

## II. LEGAL STANDARD

10. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must provide more than labels and conclusions, and the complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11. A claim is plausible on its face only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Mere "naked assertions" devoid of "further factual enhancement" are insufficient. *Twombly*, 550 U.S. at 557.

12. Additionally, under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This requirement promotes clarity and ensures a defendant has fair notice of the claims

being asserted.

13. A complaint that omits key elements such as a clear statement of facts, or that recites legal conclusions without factual support, must be dismissed. Courts routinely dismiss complaints that fail to articulate a coherent factual basis or that rely on conclusory legal statements without supporting detail. See *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 527 (S.D.N.Y. 2008) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's complaint suffers from these same defects because it omits a dedicated factual section, embeds factual references within legal conclusions, and fails to clearly allege how or when key events like default or acceleration occurred.

14. Plaintiff's complaint fails to comply with these basic requirements. It contains no clearly labeled "Factual Allegations" or "Background" section, but instead jumps directly from "Parties & Jurisdiction" into the "Breach of Contract" count. Scattered factual references are embedded throughout legal headings, contrary to Rule 10(b)'s mandate for organized and comprehensible pleading. The resulting structure is disjointed, conclusory, and deprives Defendants of adequate notice of the factual basis for the claims. Accordingly, the complaint is deficient as a matter of law and should be dismissed under Rule 12(b)(6).

## III. ARGUMENT

### Lakeview's Complaint Fails to State a Plausible Claim for Relief

15. To survive dismissal under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550

U.S. at 570. Lakeview's complaint fails this test. It recites bare legal conclusions — that the borrower defaulted, that notice was sent, and that the loan was accelerated — without setting forth specific facts supporting those conclusions.

16. Plaintiff alleges that it sent a Notice of Default (Ex. 5), but fails to identify the specific date of the notice, how it was delivered (e.g., certified mail as required by the Deed of Trust), what cure amount was demanded and by what deadline.

17. Plaintiff failed to comply with all contractual and regulatory preconditions to acceleration and foreclosure. Plaintiff's complaint fails to allege compliance with all contractual and regulatory preconditions to acceleration and foreclosure, including proper notice of default and an opportunity to cure. Under Texas law, a lender must strictly comply with these conditions precedent before initiating foreclosure proceedings. Failure to do so renders the foreclosure action defective and may deprive the court of jurisdiction to adjudicate the matter. See *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995) (holding that unresolved title disputes can deprive courts of jurisdiction over possession claims arising from foreclosure sales).

18. Without these factual underpinnings, Plaintiff's "breach" claim amounts to a recitation of elements and exhibits and not a properly pleaded cause of action.

19. Without these facts, the Court cannot evaluate whether a valid breach occurred or whether the lender met all conditions precedent to acceleration and foreclosure.

As courts consistently recognize, a breach of contract claim must allege all essential elements, including performance by the plaintiff. See *Western Distrib. Co. v. Diodosio*,

841 P.2d 1053, 1058 (Colo. 1992) ("To prevail on a claim for breach of contract, the plaintiff must prove... performance by the plaintiff or some justification for nonperformance."). Here, Plaintiff does not allege that it fulfilled its own obligations under the Note, the Deed of Trust, or applicable HUD servicing requirements prior to acceleration. Absent this, the claim fails as a matter of law under Rule 12(b)(6).

### Improper and Conflicting Party References (Nationstar)

20. Despite never being named as a party, "Nationstar" is referenced repeatedly in key paragraphs related to standing, damages, and relief (see ¶¶ 13, 14, 15, and 21). For example, it states:

> "Borrower's continued breach under the Loan has directly and proximately caused damages to Nationstar..."

21. This apparent error undermines the credibility and integrity of the pleading. It creates confusion as to who actually owns the debt, who suffered harm, and who is entitled to enforce the contract. The court cannot infer plausible standing based on such errors.

### Misleading Certificate of Interested Parties

22. Lakeview's Certificate of Interested Persons fails to identify Nationstar, even though the complaint claims that Nationstar is the party damaged and entitled to fees.

23. This contradiction suggests a lack of due diligence and creates an additional layer of confusion over who actually owns or services the loan. It undermines transparency and may mislead the Court.

24. This complaint should be dismissed under Rule 12(b)(6) because it lacks a coherent

9

and properly formatted factual basis, contains material misstatements about the real parties in interest, omits related litigation in the same court and fails to plead sufficient facts to support a plausible foreclosure claim.

**The Attached Exhibits Contradict Key Allegations in the Complaint**

25. A complaint's exhibits are considered part of the pleadings under Federal Rule of Civil Procedure 10(c). When a complaint's allegations are contradicted by its own exhibits, the exhibits control. The court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.

26. Here, while Lakeview alleges that "Nationstar" has incurred damages and retained counsel (see Compl. ¶¶ 13, 21), none of the attached loan documents identify Nationstar in any capacity. Instead, the exhibits — including the Note, Deed of Trust, and Modification Agreement only name LoanCare as the mortgage servicer or contact party for borrower communications.

27. This directly contradicts the complaint's repeated reliance on Nationstar as the injured or servicing party.

28. This calls into question of who the true party in interest is, whether the claims were asserted by a party with standing; and whether the factual foundation of the complaint was even reviewed by counsel before filing.

29. Because these internal contradictions go to core allegations (default, damages, servicing), and the exhibits do not support but rather undermine the claims, the complaint is subject to dismissal under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's Complaint is legally and procedurally defective. It fails to set forth a clear and coherent factual basis as required under Rules 8 and 10, instead presenting conclusory allegations under legal headings without an organized or labeled factual section. The Complaint inexplicably identifies Nationstar Mortgage as the injured party in multiple paragraphs, despite attaching exhibits that show LoanCare as the actual loan servicer — a contradiction that undermines Plaintiff's standing and factual basis for relief.

Critically, Plaintiff failed to disclose a related pending action filed nearly two months earlier in this very Court (Case No. 3:25-cv-00661-K-BT), which involves the same property, substantially overlapping issues of title and foreclosure, and Plaintiff's own loan servicer (LoanCare). This omission violates Local Rule 3.3(b) and raises concerns about improper forum manipulation or attempt to avoid a judicial officer already familiar with the facts.

Given these substantive deficiencies and procedural irregularities, Defendant respectfully submits that the Complaint should be dismissed with prejudice. Any amendment would be futile because the claim is based on fundamentally inconsistent allegations and omits essential facts and parties central to Plaintiff's own cause of action.

**WHEREFORE**, Defendant respectfully requests that this Court GRANT this Motion and DISMISS Plaintiff's Complaint with prejudice, and grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

\s\ Rachel Tennyson
Rachel Tennyson
806 Martin Luther King Jr. Blvd
Waxahachie, TX  75165
(469) 778-8322
Ravenblack036@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I am over the age of 18 years of age and I have sent a copy of this Motion

to Dismiss for Failing to State a Claim to the following Attorney for the Plaintiff:

**MARINOSCI LAW GROUP, P.C.**
Sammy Hooda / TX State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200 x 3002
Email: shooda@mlg-defaultlaw.com

<u>\s\ Rachel Tennyson</u>
Rachel Tennyson
806 Martin Luther King Jr. Blvd
Waxahachie, TX  75165
(469) 778-8322
Ravenblack036@gmail.com

13