IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC, COMPANY, LLC,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:25-CV-1232-L** |
| **RACHEL TENNYSON and UNITED STATES OF AMERICA, on behalf of the Secretary of Housing and Urban Development,** | § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Rachel Tennyson's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), filed June 12, 2025; and Plaintiff's Motion to Dismiss Action Without Prejudice ("Motion" or "Motion to Dismiss") (Doc. 32) pursuant to Federal Rule of Civil Procedure 41(a)(2), filed November 21, 2025. Ms. Tennyson opposes the dismissal without prejudice of this action under Rule 41(a)(2) and contends that Plaintiff's request to dismiss the entire action under this rule is not appropriate in light of her pending counterclaims. *See* Doc. 33. For the reasons herein explained, the court *sua sponte* determines that it lacks subject matter jurisdiction over this action. The court, therefore, **dismisses without prejudice** this action for lack of subject matter jurisdiction; **denies as moot** Rachel Tennyson's Motion to Dismiss (Doc. 7); **denies as moot** Plaintiff's Motion to Dismiss (Doc. 32); and **overrules** Ms. Tennyson's objection (Doc. 33).

## I.     Background

Plaintiff Lakeview Loan Servicing LLC ("Lakeview") brought this civil action against Rachel Tennyson and the United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD") on May 14, 2025, seeking judicial foreclosure of real property

Memorandum Opinion and Order – Page 1

owned by Ms. Tennyson in Ellis County, Texas. In its Complaint, Lakeview alleges that the court has subject matter jurisdiction over this action based on 28 U.S.C. § 2410 because "Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property." Doc. 1 ¶ 4. Lakeview also alleges that the court has subject matter jurisdiction under 28 U.S.C. § 1331, "as the matter involves the interpretation and enforcement of federal laws governing [HUD's] lien rights" on Ms. Tennyson's property. *Id.*

On June 12, 2025, Ms. Tennyson moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). Doc. 7. Before addressing this motion, the magistrate judge issued an Order and Notice of Deficiency (Doc. 26) on August 28, 2025. The magistrate judge *sua sponte* questioned whether the court has subject matter jurisdiction over this action.

On September 19, 2025, in response to the Order and Notice of Deficiency, Lakeview acknowledged that the Fifth Circuit in *Hussain* concluded that 28 U.S.C. § 2410 "only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." Doc. 30 at 1 (quoting *Hussain v. Boston Old Colony Ins. Co*., 311 F.3d 623, 629 (5th Cir. 2002)). Lakeview, nevertheless, contended that the subsequent opinion by the United States Supreme Court in *Grable* interpreted § 2410 to create a cause of action against the government by concluding that "[f]ederal law does provide a quiet title cause of action against the Federal Government" and citing 28 U.S.C. § 2410. *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Dante Eng'g & Mfg*., 545 U.S. 308, 317 n.4 (2005)). Lakeview further asserted that, after *Grable*, the Fifth Circuit held that § 2410 creates a federal cause of action in cases involving land on which the United States has a lien or mortgage and waives sovereign immunity of the United States. *Id.* at 1-2 ( citing *Lewis v. Hunt*, 492 F.3d 565 (5th Cir. 2007); and *Bradford v. United States Dep't of Agric., Rural Dev*., 606 F. App'x 259, 260 (5th Cir. 2015)) (other citations omitted).

**Memorandum Opinion and Order – Page** 2

Lakeview argued that its pleadings satisfied the standard established by *Lewis* for subject matter jurisdiction under § 2410 because its Complaint alleges that the United States still maintains, via a lien and/or mortgage, an interest in the real property that is the subject of the underlying lawsuit.  Doc. 30 at 3 (citing *Bartolomeo USA, L.L.C. v. HUD*, No. 21-10493, 2021 WL 5458117, at *6 (5th Cir. Nov. 22, 2021) (per curiam)). In addition, Lakeview argued that its Complaint set forth in particularity the nature of the United States' interest. Lakeview, therefore, contended that the court has subject matter jurisdiction over this action.  If the court determined that it did not have subject matter jurisdiction, Lakeview requested that its claims and Ms. Tennyson's counterclaims be dismissed.

Before the magistrate judge addressed and made a recommendation as to Ms. Tennyson's Motion to Dismiss and the jurisdictional issue, Lakeview moved to dismiss this action under Rule 4l(a)(2) for lack of jurisdiction on November 21, 2025. In support of the Motion, Lakeview noted as follows:

> 6. This Court has yet to decide the jurisdictional issue; however, a show cause hearing relating to subject matter jurisdiction was held . . . [by] Magistrate Judge Tolliver [in] *Lakeview Loan Servicing, LLC v. Darring, et al.*, Case No. 3:25-cv-01030-S-K . . . (show cause hearing held on 10/28/2025. Attorney Appearances: Plaintiff- Sammy Hooda). In that case, . . . [Judge Toliver] determined that [the court] lacked subject matter jurisdiction to adjudicate Plaintiff's claims under similar circumstances, and . . . directed Plaintiff's counsel to file a motion to dismiss in cases pending within the Courts of the Northern District of Texas where the court's jurisdiction was questioned.
>
> 7. In response to [Judge Toliver's] directives in the *Darring* case and to eliminate any further litigation, Plaintiff now moves to dismiss its Complaint and the associated Counterclaims for lack of jurisdiction. Doc. 32 at 2.*

---

\* The court questions whether the magistrate judge has authority—in cases over which the magistrate judge is not assigned or not acting as the presiding judge by consent of the parties—to order Lakeview's counsel to move to dismiss all of his cases in the Northern District in which the same section 2410 basis for subject matter jurisdiction was relied upon by his various clients. In any event, the court determines that Lakeview's pleadings in this case do not adequately plead sufficient facts to establish subject matter jurisdiction such that dismissal on this ground is appropriate.

To streamline the resolution of the motions pending in this case, and the issue concerning jurisdiction, the court vacated the referral of this case to the magistrate judge on February 2, 2026.

## II.    Legal Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the patties. 28 U.S.C. §§ 1331, 1332. Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Memorandum Opinion and Order – Page 4

### III.    Discussion

For the reasons that follow, the court determines that Lakeview has not met its burden of establishing that the court has subject matter jurisdiction to entertain this action such that it must presume that this action lies outside its limited jurisdiction. *See Kokkonen*, 511 U.S. at 377 ( citations omitted).

### A.  Jurisdiction Based on Section 2410

Section 2410 provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(2). The Fifth Circuit unequivocally held in *Hussain* that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain*, 311 F.3d at 635. "As a trade off for the waiver of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629. Accordingly, "once [28 U.S.C. § 2410(a)] is deemed applicable in a state court action . . . it makes available to the government § 1444, which [the court has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id.* at 635. As noted, Lakeview relies on *Grable* and its progeny to avoid the holding in *Hussain*. Such reliance, though, is misplaced.

*Grable* was first filed in state court and removed to federal court. 545 U.S. at 311. The Court held that the defendant could remove the quiet title action under 28 U.S.C. § 1441(a) "if [the plaintiff] could have brought it in federal district court originally" under 28 U.S.C. § 1331. *Id.* at 312; *see also Lewis*, 492 F.3d at 570-73 (analyzing pleading requirements to establish a statutory waiver of sovereign immunity pursuant to 28 U.S.C. § 2410—not subject matter jurisdiction—in

Memorandum Opinion and Order – Page 5

an action removed to federal court). The *Grable* Court, however, did not address whether Section 2410 creates a federal cause of action for cases originally filed in federal court.

To the extent Lakeview contends that *Grable* overruled *Hussain*, the court disagrees. District courts are "bound by the rule" in a Fifth Circuit opinion unless a later Fifth Circuit panel determines that an intervening decision by the Supreme Court's overturns the panel's prior decision. *See Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). None of the published Fifth Circuit cases relied on by Lakeview, however, concluded that *Hussain* was overturned by *Grable*, and the court was unable to find any such case in conducting its own research.

Moreover, the Court in Grable explained that § 2410 and the "right of action" created by it was "not relevant" in the case "because the Federal Government no longer ha[d] any interest in the property." *Grable*, 545 U.S. at 311,317 n.4. As resolution of this issue was not necessary to the resolution of the appeal and amounted to only a passing reference in a footnote, the court determines that *Grable*'s discussion regarding Section 2410 is nonbinding dicta. *Cf International Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004) ("A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.") (citation omitted)).

Lakeview's arguments also incorrectly conflate subject matter jurisdiction with the waiver of sovereign immunity and the United States' related ability *to remove Section 2410 cases to federal court*. *See Lewis*, 492 F.3d at 571-72 (in this *removed action*, the court explained that, "in interpreting and applying Section 2410 we must be mindful of its purpose and history as a *lien removal statute*.") (emphasis added). If Lakeview had originally brought this action in state court, and the United States had removed the action to federal court, the case would be in a different

posture procedurally such that the court *might* have subject matter jurisdiction based on Section 2410. This, however, did not happen.

Additionally, even assuming that Lakeview is correct that Section 2410 provides an independent basis for original jurisdiction, the allegations in its Complaint are not sufficient to state a quiet title claim against HUD. Lakeview merely alleges in conclusory fashion that "Section 2410 expressly waives sovereign immunity in any civil action to foreclose a mortgage or lien where the United States . . . has or claims a lien or other interest in the property." Doc. 1 ¶ 4. Lakeview alleges no other factual allegations supporting this purported "cause of action."

The only claim asserted in this action is Lakeview's breach of contract claim against Ms. Tennyson. Lakeview alleges that HUD has a lien on Ms. Tennyson's property that is subordinate to its lien, but there is not a single reference to "quiet title" in its Complaint or allegations that would support the requirements for such relief under state law. Instead, Lakeview merely requests in its Prayer that the court "deem all junior lien holders' interest in the Property inferior to the superior interest of Lakeview." Doc. 1 at 7. The court, therefore, disagrees with Lakeview to the extent it contends that its pleadings adequately pleaded a quiet title cause of action against the United States that would support the exercise of jurisdiction under Section 2410.

## B.  Jurisdiction Under Section 1331

Lakeview's contention that the court has federal question jurisdiction under Section 1331—because this action involves the interpretation and enforcement of federal law governing HUD's lien rights—fares no better. In the context of federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc.*, 478 U.S. at 808. A case may arise under federal law when "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd of State of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9

**Memorandum Opinion and Order – Page** 7

(1983). Such occasions, however, are "rare." *Royal Canine US.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

Further, as indicated, Lakeview alleges only a run-of-the-mill state law claim for breach of contract claim against Ms. Tennyson in an effort to foreclose on her real property. This claim does not arise under the Constitution or any federal statute; nor does it turn on construction of federal law. There is also nothing in Lakeview's Complaint or the exhibits attached to its Complaint from which the court can reasonably infer that this case involves a dispute among the parties regarding the existence, amount, or nature of HUD's lien. Likewise, Lakewood's pleadings and response to the magistrate judge's Order and Notice of Deficiency fail to identify any federal laws that are subject to interpretation. Accordingly, Lakeview has failed to allege facts that would support the existence of federal question jurisdiction under Section 1331.

### C. Diversity Jurisdiction

Lakeview does not allege that diversity jurisdiction exists in this case, and it has not made any effort to establish that subject matter jurisdiction exists based on diversity. Moreover, Lakeview's pleadings are insufficient to support a finding of diversity jurisdiction because its residency allegations with respect to Ms. Tennyson's citizenship are insufficient. *See* Doc. 1 ¶ 2. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("[A]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"). The law in this regard is well established, as the Fifth Circuit has consistently held and repeatedly made clear that "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.;" *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)).

The reason for this is that a natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there

**Memorandum Opinion and Order – Page** 8

indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 ( citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than one residence. *See MidCap A1edia Fin., L.L.C.*, 929 F.3d at 313 ("Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Further, the party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship. *Preston*, 485 F.3d at 803.

Therefore, the factual allegations in Lakeview's Complaint are insufficient to establish jurisdiction based on diversity.

## IV.    Conclusion

For the reasons discussed, the court *sua sponte* determines that it lacks subject matter jurisdiction over this action. As Lakeview has not offered any additional basis for jurisdiction or sought to amend its pleadings for this purpose, the court determines that amendment by it would be futile even if given the opportunity to amend, and that allowing amendment would unnecessarily delay the resolution of this action. The court, therefore, **dismisses without prejudice** this action for lack of subject matter jurisdiction; **denies as moot** Rachel Tennyson's Motion to Dismiss (Doc. 7); **denies as moot** Plaintiffs Motion to Dismiss (Doc. 2); and **overrules as moot** Ms. Tennyson's objection (Doc. 33).

**Memorandum Opinion and Order – Page** 9

It is so ordered this 23rd March, 2026.

_____
Sam A. Lindsay
United States District Judge